UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DURGA OLI,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

                Defendant.

CASE NO. 2:15-cv-01637 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 11, 14, 18).

After considering and reviewing the record, the Court concludes that the ALJ erred when failing to credit fully the medical opinion of plaintiff's treating physician at step two of the sequential disability evaluation process. The ALJ's finding that Dr.

1  Kannon's opinion was based largely on plaintiff's self-report is not based on substantial

2  evidence in the record.

3      Therefore, this matter is reversed and remanded pursuant to sentence four of 42

4  U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this

5  order.

## BACKGROUND

    Plaintiff, DURGA OLI, was born in 1972 and was 31 years old on the alleged date of disability onset of October 1, 2003 (*see* AR. 249-59). Plaintiff has never attended school (AR. 47-48) and is illiterate in both her native language (Nepalese) and in English (AR. 51). Plaintiff and her husband did some subsistence farming in Bhutan (AR. 53).

    According to the ALJ, plaintiff has at least the severe impairments of "obesity; deconditioning; [and] arthralgias (20CFR 416.920(c))" (AR. 23).

    At the time of the hearing, plaintiff was living with her husband, three children and a granddaughter (AR. 47).

## PROCEDURAL HISTORY

    Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 96-103, 105-113). Plaintiff's requested hearing was held before Administrative Law Judge Gene Duncan ("the ALJ") on March 6, 2014 (*see* AR. 43-94). On April 8, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 18-38).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in evaluating the severity of plaintiff's impairments at Step Two; (2) Whether or not the ALJ erred in not resolving apparent conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles*; and (3) Whether or not the ALJ gave specific, clear and convincing reasons for finding plaintiff not fully credible (*see* Dkt. 11, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1)   **Whether or not the ALJ erred by failing to find that plaintiff suffered from any severe mental impairments and by failing to credit fully the medical opinion of Dr. Bodhi Kannon, M.D.**

Plaintiff contends that the ALJ did not provide specific and legitimate reasons supported by substantial evidence in the record for giving little weight to the opinion of Dr. Kannon (Dkt. 11, pp. 6-7). Defendant contends that the ALJ did not err because "the ALJ discounted Dr. Kannon's opinion as based on [plaintiff's] subjective complaints" (Dkt. 14, p. 8 (*citing* AR. 31)).

When an opinion from a treating doctor is contradicted by other medical opinions, the treating doctor's opinion can be rejected only "for specific and legitimate reasons that

are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). In addition, like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of her symptoms and limitations must be based on substantial evidence in the record as a whole. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Here, the ALJ's finding regarding reliance on plaintiff's subjective statements is not based on substantial evidence in the record.

In addition, generally, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (*citing Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)).

On March 7, 2013, Dr. Kannon noted that plaintiff had been denied disability benefits (AR. 556). Dr. Kannon opined that "[plaintiff] seems to me to be significantly physically and psychologically disabled" (*id.*). The record demonstrates that Dr. Kannon had treated plaintiff on at least sixteen occasions before March 7, 2013 (*see* AR. 455-74, 550-60).

In September, 2012, Dr. Kannon indicated that she was the psychiatrist treating plaintiff and had been doing so "for approximately 2 years" (AR. 519). Dr. Kannon noted that plaintiff had been diagnosed with major depressive illness and was receiving medication management and taking psychiatric medications prescribed by Dr. Kannon (*id.*). Dr. Kannon opined specifically that plaintiff was unable to work for pay at that time and furthermore opined that plaintiff "has a difficult time with daily functioning as it is without the demands of having to go to a job" (*id.*).

The ALJ gave only little weight to this opinion, concluding that the opinion was "based on [plaintiff's] subjective complaints, and [plaintiff] is not very credible" (AR. 25). However, the ALJ does not cite to any evidence in the record supporting the finding that Dr. Kannon relied largely on plaintiff's complaints. As noted previously, Dr. Kannon indicated that it was her own assessment that plaintiff "seems to me to be significantly physically and psychologically disabled" (AR. 556). Defendant contends that "the dearth of objective findings" supports the ALJ's finding that Dr. Kannon relied largely on plaintiff's subjective complaints when providing her opinions (Dkt. 14, p. 9). However, this finding by the ALJ appears to be based more on speculation rather than evidence in the record.

The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

1          Although defendant contends that Dr. Kannon's subjective mental status
2  examinations "were overwhelmingly unremarkable," that is not an assessment made by
3  Dr. Kannon (Dkt. 14, pp. 8-9 (*citing* AR. 456, 460, 462, 464, 466, 468, 469, 471, 473,
4  550, 551, 553-60)). For example, on June 30, 2011, Dr. Kannon noted her observation
5  that plaintiff appeared slightly uncomfortable (AR. 468), on September 15, 2011, Dr.
6  Kannon noted her observation that plaintiff had a good range of affect, but appeared
7  frustrated with physical symptoms (AR. 464), on October 13, 2011, Dr. Kannon noted
8  reports of plaintiff's irritability and anxiety and opined that although plaintiff had a good
9  range of affect, she "appears discouraged by [her] physical [symptoms]" (AR. 462), on
10 November 10, 2011, Dr. Kannon noted plaintiff's reports of problems sleeping and
11 reported her observation that although plaintiff had a good range of affect, she "appears
12 discouraged by [her] physical [symptoms]" (AR. 460), on December 8, 2011, Dr. Kannon
13 noted reports of sleep problems and noted her observation that plaintiff "appears tired and
14 discouraged" (AR. 458), on September 25, 2013 Dr. Kannon noted plaintiff's reports of
15 weakness due to migraine prescription and noted her observation that plaintiff appeared
16 ill and had "dark circles under eyes" (AR. 560).
17         The Court notes that "experienced clinicians attend to detail and subtlety in
18 behavior, such as the affect accompanying thought or ideas, the significance of gesture or
19 mannerism, and the unspoken message of conversation." Paula T. Trzepacz and Robert
20 W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993).
21 Although "anyone can have a conversation with a patient, [] appropriate knowledge,
22 vocabulary and skills can elevate the clinician's 'conversation' to a 'mental status

examination.'" *Id*. A mental health professional is trained to observe patients for signs of their mental health not rendered obvious by the patient's subjective reports, in part because the patient's self-reported history is "biased by their understanding, experiences, intellect and personality" (*id.* at 4), and, in part, because it is not uncommon for a person suffering from a mental illness to be unaware that her "condition reflects a potentially serious mental illness." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (citation omitted).

In addition, the Ninth Circuit noted the following in an unpublished decision:

> Moreover, mental health professionals frequently rely on the combination of their observations and the patient's report of symptoms (as do all doctors); indeed the examining psychologist's report credited by the ALJ also relies on those methods. To allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's 'subjective allegations' is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders.

*Ferrrando v. Comm'r of SSA*, 449 Fed. Appx. 610, 612 n2 (9th Cir. 2011) (unpublished memorandum opinion).

When an ALJ seeks to discredit a medical opinion, he must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) ("When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professional trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision

of the psychiatric methodology or the absence of substantial documentation") (*quoting Poulin v. Bowen*, 817 F.2d 865, 873-74 (D.C. Cir. 1987) (*quoting Lebus v. Harris*, 526 F.Supp. 56, 60 (N.D. Cal. 1981))); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)). Here, the Court concludes that the ALJ did not explain adequately why his own interpretations, rather than those of the Dr. Kannon, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Furthermore, if the ALJ found the opinion from Dr. Kannon to be ambiguous, he had "an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))); *see also Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Indeed, Dr. Kannon provided a name and phone number in her opinion for the ALJ, in the event that the ALJ needed "any additional information" (AR. 519).

Based on the record as a whole and the reasons stated, the Court concludes that the ALJ failed to provide specific and legitimate reasons based on substantial evidence in the

record as a whole for the failure to credit fully the opinion of treating physician, Dr. Kannon.

The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (*citing Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Plaintiff contends that the ALJ's error in the evaluation of the medical opinion of Dr. Kannon affected the ALJ's assessment of plaintiff's severe impairments. For example, plaintiff contends that the ALJ erred by failing to find that plaintiff suffered from any severe mental impairment.

Step-two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). ). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting* Social Security Ruling "SSR" 85-28) (*citing Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)). When an ALJ fails to find an impairment severe, the error is not necessarily harmless just because the ALJ proceeds to subsequent steps in the sequential disability evaluation process. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). The Ninth Circuit court concluded that an ALJ erred where the ALJ failed to find severe a claimant's panic disorder when the claimant described symptoms consistent with panic disorder to the ALJ at the administrative hearing. *See id.* The court found that because "the ALJ excluded panic disorder from [the claimant's] list of impairments and instead characterized her diagnoses as anxiety alone, the residual functional capacity determination was incomplete, flawed, and not supported by substantial evidence in the record." *See id.*

As noted, Dr. Kannon opined that "[plaintiff] seems to me to be significantly physically and psychologically disabled" (AR. 556). Therefore, as Dr. Kannon opined that plaintiff was significantly psychologically disabled, it is clear that Dr. Kannon opined that plaintiff's mental impairments caused more than a minimal effect on her ability to function in a workplace. Dr. Kannon also opined specifically that plaintiff was

unable to work for pay at that time and furthermore opined that plaintiff "has a difficult time with daily functioning as it is without the demands of having to go to a job" (AR. 512).

The ALJ concluded that plaintiff did not suffer from any severe mental impairment (AR. 23). In contrast, Dr. Kannon opined that plaintiff was significantly "psychologically disabled" (AR. 556), and that she "has a difficult time with daily functioning as it is without the demands of having to go to a job" (AR. 512). Therefore, had the ALJ credited fully the medical opinion of treating physician Dr. Kannon, it is likely that the ALJ would have included further limitations into plaintiff's residual functional capacity ("RFC"). This easily could have affected the ultimate disability determination. As a result, the Court cannot conclude with confidence that "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*, *supra*, 792 F.3d at 1173 (*citing Stout, supra,* 454 F.3d at 1055-56). Therefore, the ALJ's error in failing to credit fully Dr. Kannon's opinion at step two of the sequential disability evaluation process is not harmless.

(2) **Did the ALJ err in not resolving apparent conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles*?**

The Court already has concluded that the ALJ erred when evaluating the medical evidence, *see supra*, section 1. Therefore, this argument will not be discussed herein. However, the Court notes that any potential conflicts between the vocational expert's

testimony and the *Dictionary of Occupational Titles* should be discussed explicitly by the ALJ following remand of this matter.

> (3) **Did the ALJ give specific, clear and convincing reasons for finding plaintiff not fully credible?**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, plaintiff's credibility should be assessed anew following remand of this matter. However, the Court notes that the ALJ noted numerous inconsistencies between plaintiff's allegations and the record, and also noted evidence of exaggerated limitations.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 15th day of April, 2016.

J. Richard Creatura
United States Magistrate Judge