UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DURGA OLI,<br><br>                    Plaintiff,<br><br>         v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. 2:15-cv-01637 JRC<br><br>ORDER ON DEFENDANT'S MOTION TO AMEND JUDGMENT UNDER FED. R. CIV. P. 59(e) |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on defendant's Motion to Amend Judgment Under Fed. R. Civ. P. 59(e) (*see* Dkt. 21). The matter has been fully briefed (*see* Dkts. 21, 23, 24).

After considering and reviewing the record, the Court concludes that this Court's original opinion and judgment was correct and did not rest on any manifest error of law or fact. Therefore, defendant's motion to amend the judgment is denied.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff, DURGA OLI, was born in 1972 and was 31 years old on the alleged date of disability onset of October 1, 2003 (*see* AR. 249-59). Plaintiff has never attended school (AR. 47-48) and is illiterate in both her native language (Nepalese) and in English (AR. 51). Plaintiff and her husband did some subsistence farming in Bhutan (AR. 53).

According to the ALJ, plaintiff has at least the severe impairments of "obesity; deconditioning; [and] arthralgias (20CFR 416.920(c))" (AR. 23).

The Court incorporates the procedural history from its previous Order (Dkt. 19). On April 15, 2016, this Court reversed and remanded the ALJ's decision concluding that plaintiff was not disabled (*id.*).The Court concluded that the "ALJ's finding that Dr. Kannon's opinion was based largely on plaintiff's self-report is not based on substantial evidence in the record" (*id.* at 1-2).

On May 13, 2016, defendant filed a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. 21). Plaintiff filed a response on May 24, 2016 and plaintiff filed a reply on May 27, 2016 (*see* Dkts. 23, 24).

## STANDARD OF REVIEW

According to the Ninth Circuit:

> Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within 28 days after entry of judgment.

> "Since specific grounds for a motion to amend or alter are not listed in the rule, the District Court enjoys considerable discretion in granting or denying the motion." *McDonnell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered a previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

*Allstate Insurance Co v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011) (*citing McDonnell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (*citing* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995))).

Defendant contends that this Court's judgment rests on a manifest error of law (*see* Dkt. 21, p. 3).

## DISCUSSION

At issue is the ALJ's rejection of the medical opinion of treating physician, Dr. Bodhi Kannon, M.D. and this Court's conclusion that such rejection was not based on substantial evidence in the record as a whole. Included in this Court's decision is the following discussion:

> On March 7, 2013, Dr. Kannon noted that plaintiff had been denied disability benefits (AR. 556). Dr. Kannon opined that "[plaintiff] seems to me to be significantly physically and psychologically disabled" (*id*.). The record demonstrates that Dr. Kannon had treated plaintiff on at least sixteen occasions before March 7, 2013 (*see* AR. 455-74, 550-60).
> In September, 2012, Dr. Kannon indicated that she was the psychiatrist treating plaintiff and had been doing so "for approximately 2 years" (AR. 519). Dr. Kannon noted that plaintiff had been diagnosed with major depressive illness and was receiving medication management

> and taking psychiatric medications prescribed by Dr. Kannon (*id*.). Dr. Kannon opined specifically that plaintiff was unable to work for pay at that time and furthermore opined that plaintiff "has a difficult time with daily functioning as it is without the demands of having to go to a job" (*id*.).
>
> The ALJ gave only little weight to this opinion, concluding that the opinion was "based on [plaintiff's] subjective complaints, and [plaintiff] is not very credible" (AR. 25). However, the ALJ does not cite to any evidence in the record supporting the finding that Dr. Kannon relied largely on plaintiff's complaints. As noted previously, Dr. Kannon indicated that it was her own assessment that plaintiff "seems to me to be significantly physically and psychologically disabled" (AR. 556). Defendant contends that "the dearth of objective findings" supports the ALJ's finding that Dr. Kannon relied largely on plaintiff's subjective complaints when providing her opinions (Dkt. 14, p. 9). However, this finding by the ALJ appears to be based more on speculation rather than evidence in the record.

Dkt. 19, pp. 4-5).

Defendant contends in part that this Court erred because it did not "recognize [that] the testimony of [non-examining doctor] Dr. Toews alone is a sufficient basis and explanation for discounting [treating physician] Dr. Kannon's opinion" (Dkt. 21, p. 4 (citing AR. 25; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). However, an ALJ's statement that he is giving greater weight to one medical opinion over another contrary opinion does not entail an adequate explanation as to why one opinion is given greater weight. The ALJ indicated that he gave greater weight to Dr. Toews' opinion over that of Dr. Kannon because of a finding that Dr. Kannon's opinion is largely based on plaintiff's subjective self-reports. Therefore, the question was, as this Court addressed, whether or not the ALJ's rejection of the treating physician's opinion on the basis that it was largely reliant on plaintiff's subjective self-report is supported by substantial evidence in the record as a whole. Although defendant contends in her reply that an ALJ

need not go into detail when relying on a source who does, nothing in the case cited by defendant indicates that an ALJ can fail to credit fully a medical opinion from a treating physician simply by indicating that he is crediting instead the medical opinion from a non-examining physician (*see* Dkt. 24, pp. 2-3).

Similarly, when an opinion from a treating doctor is contradicted by other medical opinions, the treating doctor's opinion still can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2). The Ninth Circuit noted in *Tonapetyan*, the case relied on by defendant, that the examining doctor's contrary opinion in that case "constitute[d] substantial evidence, because it rests on his own independent examination of [the plaintiff]." *Id*. (citations omitted). Dr. Toews did not examine plaintiff (*see, e.g.*, AR. 23). In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). And, an examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). Defendant's argument that the opinion from non-examining doctor, Dr. Toews, alone is sufficient for the ALJ's rejection of the opinion of plaintiff's treating physician, Dr. Kannon, because

he came to a different conclusion is not persuasive. The ALJ's finding that Dr. Kannon's opinion relied more largely on plaintiff's subjective complaints must be supported by substantial evidence in the record in order to affirm the ALJ's decision.

Defendant contends generally that this Court's Order "is inconsistent with substantial evidence review" (Dkt. 21, p. 3). Plaintiff contends that defendant's "'clear error' argument is simply a vehement reiteration of the arguments that this court has previously considered" (Dkt. 23, p. 1). Although defendant contends that this Court committed "clear error because it reweigh[ed] the evidence," the Court disagrees. Instead, the Court noted that the ALJ failed to credit fully the opinion by Dr. Kannon on the basis that it was largely based on plaintiff's subjective self-report, and concluded that this finding by the ALJ was not based on substantial evidence in the record as a whole, with numerous examples of objective findings by Dr. Kannon in the record (Dkt. 19, p. 6). This is not a reweighing of the evidence. Although defendant points to some objective "normal" findings in the record, the fact that there were some occasions on which plaintiff demonstrated some areas of normal presentation does not demonstrate that Dr. Kannon based his opinion largely on plaintiff's subjective complaints. In addition, these findings cited by defendant in the motion to amend the judgment were not provided as rationale by the ALJ in his written decision for the failure to credit fully the opinion from Dr. Kannon. As argued by plaintiff, the "ALJ was responsible for setting out his reasoning but did not cite to this, or any other evidence in rejecting Dr. Kannon's opinion: defendant cannot cure the lack of analysis on appeal" (Dkt. 23, p. 2 (citations omitted)). As noted by plaintiff, "defendant would have the Court cull through the record

to find the evidence in support of the ALJ's decision, [but] that is not the court's function" (*id*. at 3 (*citing Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("Our decisions make clear that we may not take a general finding . . . . and comb the administrative record to find specific conflicts"))). Neither the ALJ, nor defendant, point to any specific evidence within Dr. Kannon's reports that demonstrates that Dr. Kannon was relying on plaintiff's subjective comments. For example, it is not uncommon for a doctor to render an opinion, such as that a claimant cannot work around people, and support this opinion with notations of the claimant's statements, such as that the claimant reports becoming distressed around crowds, or that the claimant reports easily getting angry with people. Neither the ALJ, nor defendant, provided any evidence of a self-reported statement by plaintiff that forms the basis of an opinion by Dr. Kannon.

Furthermore, although defendant claims that the Court erred by reliance on certain case law, it is the lack of substantial evidence in the record for the ALJ's finding that formed the basis of this Court's conclusion. The Court simply buttressed its rationale by noting, for example, that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation" and that "appropriate knowledge, vocabulary and skills can elevate the clinician's 'conversation' to a 'mental status examination.'" (Dkt. 19, p. 6 (citing Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). Similarly, although the court in *Ferrando* was applying a different standard, such does not affect the rationale in *Ferrando* noted by this Court:

> Moreover, mental health professionals frequently rely on the combination of their observations and the patient's report of symptoms (as do all doctors); indeed the examining psychologist's report credited by the ALJ also relies on those methods. To allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's 'subjective allegations' is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders.

(*Id.* at 7 (citing *Ferrrando v. Comm'r of SSA*, 449 Fed. Appx. 610, 612 n2 (9th Cir. 2011) (unpublished memorandum opinion)). The Court did not err by noting these rationales.

Defendant also contends that this Court created an insurmountable threshold, requiring an ALJ to anticipate, identify, and address any statement in any treatment report that might support an opinion (Dkt. 21, p. 5). To the contrary, however, the Court only applied the standard required by the Ninth Circuit that all findings be supported by substantial evidence in the record as a whole (*see* Dkt. 19, pp. 8-9).

Defendant contends that the Court erred by finding that objective observations and opinions by Dr. Kannon were probative as to whether or not plaintiff's impairment was severe (Dkt. 21, p. 6). And, the Court again concludes that the objective observations and opinions from a treating physician are relevant as to whether or not a claimant's mental impairment is severe. There is no manifest error. Similarly, although defendant again argues the merits of the case regarding whether or not plaintiff suffered from a severe mental impairment, the Court declines to analyze again its initial determinations on this point. Dr. Kannon opined that "[plaintiff] seems to me to be significantly physically and psychologically disabled" and the ALJ did not provide adequate rationale for failing to credit fully Dr. Kannon's opinions (*see* AR. 556).

Finally, although defendant contends that the Court also erred in suggesting that the ALJ failed to fully and fairly develop the record, defendant admits that this Court did not reverse on this ground. Therefore, the Court will not address this argument.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that defendant's Motion be DENIED.

Dated this 10th day of June, 2016.

J. Richard Creatura
United States Magistrate Judge